**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IBRAHIM DIALLO, | No. 16-71257 |
| Petitioner, | Agency No. A205-560-809 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Ibrahim Diallo, a native and citizen of Mali, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of humanitarian asylum. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

As to Diallo's claim based on harm from his stepmother, substantial evidence supports the agency's conclusion that, even if Diallo demonstrated past persecution, there has been a fundamental change in circumstances such that Diallo no longer has a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). The agency did not abuse its discretion in denying humanitarian asylum, because Diallo failed to show he suffered sufficiently severe past persecution or that there is a reasonable possibility he may suffer other serious harm in Mali. *See* 8 C.F.R. §§ 1208.13(b)(1)(iii)(A), (B); *see also Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999) (humanitarian asylum based on the severity of past persecution is "reserved for rare situations of 'atrocious' persecution").

As to Diallo's claims based on female genital mutilation and based on his practice of "Sant Mat," substantial evidence supports the agency's determination that Diallo failed to establish an objectively reasonable fear of future persecution in Mali. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of

16-71257

future persecution "too speculative").

Thus, Diallo's asylum claim fails.

In this case, because Diallo failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT protection because Diallo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mali. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Diallo's contentions that the BIA ignored arguments or otherwise erred in its analysis of his claims.

We lack jurisdiction to consider Diallo's contentions regarding ineffective assistance of counsel because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

We do not consider the materials Diallo references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

16-71257

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**